PEOPLE v EICHENBERG

Docket No. 46294. Submitted March 7, 1981, at Detroit.—Decided June 18, 1981.

John R. Eichenberg was convicted in Wayne Circuit Court of carrying a weapon in an automobile. Two other charges against him, possession of dangerous explosive material with the intent to use it unlawfully against the person or property of another and possession of a firearm during the commission of a felony, ended in mistrial. Defendant subsequently pled guilty to possession of a bomb or bomb shell and possession of a firearm during the commission of a felony on the condition that he could raise two issues on appeal. He was sentenced, Theodore R. Bohn, J. He appeals. The first issue on appeal is whether the trial court erred in denying defendant's motion to dismiss because the evidence against the defendant was obtained unlawfully and the second issue is whether it was error for the trial court to deny defendant's motion for directed verdict. *Held:*

1. The trial court did not err in refusing to grant defendant's motion to dismiss. The evidence was properly seized.

2. The trial court properly denied defendant's motion for a directed verdict.

Affirmed.

1. Searches and Seizures — Police Officers.

A police officer has the right to walk up to the passenger side of an automobile stopped for a traffic violation and keep the passengers under observation while his partner talks to the driver of the vehicle, the right to address questions to the passengers and the right to order the passengers out of the vehicle in order to protect himself and his partner from unobserved movements which may be assaultive in nature; such action does not constitute an unlawful invasion of an individu-

REFERENCES FOR POINTS IN HEADNOTES

[1] 68 Am Jur, Searches and Seizures § 58.

[2] 68 Am Jur 2d, Searches and Seizures § 23.

"Plain view," observation of objects in. 29 LEd 1067.

[3] 75 Am Jur 2d, Trial § 491 *et seq.*

al's Fourth Amendment right to be secure against unreasonable searches and seizures (US Const, Am IV).

2. SEARCHES AND SEIZURES — EVIDENCE — PLAIN VIEW DOCTRINE.

A police officer has a right to seize evidence which is in plain view of the officer while he is in a place where he has a right to be.

3. CRIMINAL LAW — DIRECTED VERDICT — ACQUITTAL.

A trial court must consider, when ruling on a motion for a directed verdict of acquittal, the evidence which had been presented by the prosecution up to the time the motion is made, view that evidence in the light most favorable to the prosecution, and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Janice M. Joyce,* Assistant Prosecuting Attorney, for the people.

*Doherty & Thomas, P.C.,* for defendant on appeal.

Before: D. E. HOLBROOK, JR., P.J., and BRONSON and D. F. WALSH, JJ.

PER CURIAM. Defendant and two codefendants were jointly tried on three charges: possession of dangerous explosive material with the intent to use it unlawfully against the person or property of another, MCL 750.211; MSA 28.408; carrying a weapon in an automobile, MCL 750.227; MSA 28.424; and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant was convicted on the second count, carrying a weapon in an automobile, and a mistrial was declared on the other two charges. Defendant subsequently pled guilty to possession

of a bomb or bomb shell, MCL 750.224; MSA 28.421, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant's plea was conditioned on his right to raise the following two issues on appeal.

The first issue is whether the trial court erred in denying defendant's motion to dismiss because the evidence against the defendant was obtained unlawfully.

The record indicates the automobile was stopped because of a traffic violation. Two officers approached the vehicle, one on either side. Trooper Ackley knocked on the window of the passenger's side of the car and a codefendant opened the door. Ackley then asked both codefendant and defendant for some identification. Defendant contends that this request for identification amounted to an unlawful invasion of his right to be secure against unreasonable searches and seizures in violation of his Fourth Amendment rights. We disagree.

The automobile in which the defendant was riding had already been properly stopped for a traffic violation. Officer Ackley had a right to walk up on the passenger's side of the vehicle and keep the passengers under observation while his partner talked to the driver. He also had a right, like any other citizen, to address questions to the defendant. See *Terry v Ohio,* Mr. Justice White concurring, 392 US 1, 35; 88 S Ct 1868; 20 L Ed 2d 889 (1968). See also *United States v Mendenhall,* 446 US 544; 100 S Ct 1870; 64 L Ed 2d 497 (1980). Further, he had the right to order the passengers out of the vehicle in order to protect himself and his partner from "unobserved movements" which may have been assaultive in nature. *Pennsylvania v Mimms,* 434 US 106, 110-111; 98 S Ct 330; 54 L Ed 2d 331 (1977).

There was no search. Although the explosive device was partially concealed, at least part of it was in plain view on the floor of the vehicle. The officer was in a place where he had a right to be. The evidence was properly seized. *People v Whalen,* 390 Mich 672; 213 NW2d 116 (1973). The trial court did not err in refusing to grant defendant's motion to dismiss.

The second issue is whether it was error for the trial court to deny defendant's motion for directed verdict. An essential element of the charged offense was the intent to use the explosive material unlawfully against the person or property of another. MCL 750.211; MSA 28.408. Defendant argues that the prosecution presented no evidence of such intent and that his motion for directed verdict, therefore, should have been granted.

When ruling on a motion for a directed verdict, the trial court must consider the evidence presented by the prosecution up to the time the motion is made, view that evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *People v Hampton,* 407 Mich 354; 285 NW2d 284 (1979).

From our review of the record we conclude that there was sufficient evidence of unlawful intent. The smokeless powder was found in a device referred to by the firearms expert as a pipe bomb. If detonated, it would react very similarly to a hand grenade. The device was found partially concealed in an automobile. Three other weapons together with assorted ammunition were also found hidden in the vehicle. The fact that the smokeless powder was found in an explosive device partially concealed with three other concealed weapons and

ammunition supports the inference that the device was intended to be used as a weapon. We are persuaded, therefore, under the circumstances of this case, that practically the only reasonable inference that could be drawn from the evidence is that the defendant possessed the explosive material with the intent to use it unlawfully against the person or property of another.

The trial court properly denied defendant's motion for a directed verdict.[1] The defendant's convictions are affirmed.

---

[1] Defendant was charged under MCL 750.211; MSA 28.408, with possession of explosive material with intent to use it unlawfully against the person or property of another. Unlike MCL 750.211a; MSA 28.408(1), that section of the statute did not contain a provision that mere possession of the explosive material was prima facie evidence of the possessor's intent to use it unlawfully against another. The court's instruction on this point, however, is irrelevant in this appeal since the defendant was not convicted on the possession of explosives charge. The issue before us is whether, at the time the motion for a directed verdict was made, there was sufficient evidence to support a guilty verdict under the standard enunciated in *People v Hampton*, 407 Mich 354; 285 NW2d 284 (1979). We have resolved this issue against the defendant.