PEOPLE v REID

PEOPLE v JORDAN

Docket Nos. 67451, 68939. Argued May 5, 1983 (Calendar Nos. 22, 23).
—Decided December 28, 1984. Released January 15, 1985.

Gregory Jordan and Allen Reid pled guilty in the Oakland
Circuit Court, George H. LaPlata, J., of kidnapping, armed
robbery, and first-degree criminal sexual conduct as part of an
agreement reducing the number of charges against them and
reserving their right to appeal the denial of their motion to
suppress certain evidence. The Court of Appeals, M. F. Cav-
anagh, P.J., and Allen and J. H. Gillis, JJ., affirmed in a
memorandum opinion in *Jordan,* holding that a conditional
guilty plea is valid (Docket No. 49970). The Court of Appeals,
Danhof, C.J., and Freeman, J. (M. F. Cavanagh, J., dissenting),
reversed and remanded in *Reid,* ruling that a conditional guilty
plea is invalid and that a defendant may not plead guilty and
challenge the validity of a search warrant on appeal (Docket
No. 51387). The defendant appeals in *Jordan,* and the people
appeal in *Reid.* Both defendants assert that the trial court did
not have the authority to accept conditional pleas and that
their pleas were therefore not understanding and voluntary.

In an opinion by Justice Levin, joined by Chief Justice
Williams and Justices Kavanagh and Brickley, the Supreme
Court *held:*

A defendant in a criminal case who pleads guilty may appeal
a decision denying a motion to suppress evidence where the
defendant could not be prosecuted if his claim that a constitu-
tional right against unreasonable search and seizure was vio-

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 21 Am Jur 2d, Criminal Law §§ 481, 490.

[1, 2, 4] 29 Am Jur 2d, Evidence §§ 425, 426.

Plea of guilty as waiver of claim of unlawful search and seizure. 20
ALR3d 724.

Modern status of rule governing admissibility of evidence obtained
by unlawful search and seizure. 50 ALR2d 531.

[3] 4 Am Jur 2d, Appeal and Error § 76.

[5] 21 Am Jur 2d, Criminal Law § 481.

lated is sustained and the defendant, the prosecutor, and the judge have agreed to the conditional plea.

1. A defendant who conditionally pleads guilty may appeal from a denial of a federal or state constitutional challenge of a search or seizure where the defendant could not be prosecuted if the claim were sustained, and the defendant, the prosecutor, and the judge have agreed to the plea. A plea of guilty does not insulate all claims from review. A defendant may challenge the trial court's jurisdiction, or assert that a conviction violated the right against being placed twice in jeopardy, that the statute underlying a charge is unconstitutional, that an indictment or information does not state an offense, that the procedure for taking a plea of guilty was not followed, that no opportunity to obtain counsel was provided, or that the plea was not understanding and voluntary. A claim of failure to suppress illegally obtained evidence without which the prosecution could not proceed, like an alleged jurisdictional defect, is not waived by a plea of guilty because in such circumstances there should have been no trial at all.

2. The state has no legitimate interest in discouraging appeals from adverse rulings in order to reduce the appellate caseload. Interlocutory review, when granted, presents no less a strain on appellate resources than an appeal following a plea of guilty. Requiring a defendant to go to trial to preserve the right of appeal, in addition, would not achieve any greater finality than permitting an appeal following a plea of guilty. In a case where the defendant chooses to go to trial to preserve the right to appeal, a successful appeal could result in additional trials and appeals.

3. The decision of the trial court that the defendants had not sustained the burden of proving that the affidavit on which the search warrant was based contained false statements and that evidence obtained as a result of the warrant need not be suppressed was not clearly erroneous. Evidence may be suppressed only upon a showing that false material essential to probable cause was knowingly or recklessly included in the affidavit. The convictions are affirmed.

*Jordan*, affirmed.

*Reid*, reversed.

Justice Ryan, joined by Justice Boyle, dissenting, stated that because conditional guilty pleas are not authorized by statute, court rule, or the common law, the concept should not be sanctioned by the Court on the basis of the facts in these cases. Rather, any amendment of the Court Rules to provide for conditional guilty pleas should be preceded by publication of a

proposed rule and an invitation for comment by interested members of the bar and the public.

113 Mich App 262; 317 NW2d 589 (1982) reversed.

### OPINION OF THE COURT

1. SEARCHES AND SEIZURES — CONSTITUTIONAL LAW — GUILTY PLEAS —APPEAL — SUPPRESSION OF EVIDENCE.

   A defendant in a criminal case who conditionally pleads guilty may appeal a denial of a federal or state constitutional challenge of a search or seizure where the defendant could not be prosecuted if his claim were sustained, and the defendant, the prosecutor, and the judge have agreed to the plea (Const 1963, art 1, § 20).

2. SEARCHES AND SEIZURES — CONSTITUTIONAL LAW — GUILTY PLEAS —APPEAL — SUPPRESSION OF EVIDENCE.

   A claim of failure to suppress illegally obtained evidence without which the prosecution could not proceed, like an alleged jurisdictional defect, is not waived by a plea of guilty because in such circumstances there should have been no trial at all (Const 1963, art 1, § 20).

3. CRIMINAL LAW — GUILTY PLEAS — APPEAL.

   The state has no legitimate interest in discouraging appeals, following pleas of guilty, of pretrial rulings in favor of the people on the ground that reduction of the appellate caseload is necessary; interlocutory review presents no less a strain on the appellate docket, and successful appeals following trial could result in additional trials and appeals.

4. SEARCHES AND SEIZURES — WARRANTS — AFFIDAVITS — SUPPRESSION OF EVIDENCE.

   Suppression of evidence on the ground that the affidavit which supported a search warrant contained false statements may be obtained only upon a showing that the false material was knowingly or recklessly included in the affidavit.

### DISSENTING OPINION BY RYAN, J.

5. CRIMINAL LAW — GUILTY PLEAS — AMENDMENT OF COURT RULES.

   *Conditional guilty pleas are not authorized by statute, court rule, or the common law and should not be sanctioned by the Supreme Court without publication of a proposed amendment of the court rule and an invitation for comment by interested members of the bar and the public.*

*Frank J. Kelley*, Attorney General, *Louis J.*

*Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Thomas S. Richards,* Assistant Prosecuting Attorney, for the people.

*Vincent D. Giovanni* for defendant Reid.

*Gerald M. Lorence* for defendant Jordan.

Amicus Curiae:

State Appellate Defender (by *Sheila N. Robertson).*

LEVIN, J. The question presented in these consolidated cases is whether a defendant in a criminal case may, after a conditional plea of guilty, appeal a decision denying a motion to suppress evidence.

We hold that he may do so where, as here, the defendant could not be prosecuted if his claim that a constitutional right against unreasonable search and seizure was violated is sustained and the defendant, the prosecutor, and the judge have agreed to the conditional plea.

I

Gregory Jordan and Allen Reid were charged with kidnapping,[1] armed robbery,[2] and criminal sexual conduct.[3] During the investigation, evidence was obtained on the basis of a warrant sworn to by Philip A. Denomme, Youth Officer for the Bloomfield Township Police Department. Denomme stated in the affidavit that a confidential informant, who had been reliable in the past, impli-

[1] MCL 750.349; MSA 28.581.
[2] MCL 750.529; MSA 28.797.
[3] MCL 750.520b; MSA 28.788(2).

cated Jordan, Reid, and David Hardy[4] in the abduction and rape under investigation.

Relying on *Franks v Delaware,* 438 US 154; 98 S Ct 2674; 57 L Ed 2d 667 (1978), and alleging that the warrants were based on an affidavit that was either false or made in reckless disregard of the truth, the defendants joined in a pretrial motion to suppress the evidence obtained on the basis of the warrant. A hearing was held at which Denomme and two other police officers testified that they had been present when the informant provided the information included in Denomme's affidavit. Denomme also testified that he had later paid the informant $100 for the information supplied at the meeting. A fourth officer testified regarding the informant's statement that he had information regarding the incident. The defense called the informant, who testified that, although he had met with the officers and told them he knew the defendants, he had denied any knowledge of the incident. The judge denied the motion to suppress, and defendants subsequently pled guilty to reduced charges.

Under the terms of their pleas, all three defendants reserved the right to appeal the denial of their motion to suppress. After sentencing, defendants appealed.

In *Jordan,* the Court of Appeals affirmed the defendant's conviction in an unpublished memorandum opinion. The Court of Appeals held that a conditional guilty plea is valid, and affirmed the denial of the motion to suppress.

In *Reid,* a different panel of the Court of Appeals ruled that a conditional guilty plea is invalid and said that a defendant may not plead guilty while reserving the right to appeal and then on

[4] This Court denied an application by David Hardy for leave to appeal. 419 Mich 853 (1984).

appeal challenge the validity of a search warrant.[5] Reid's plea was set aside and the cause was remanded either for the taking of an unconditional plea of guilty or for trial. Justice CAVANAGH, then a Judge of the Court of Appeals, writing in dissent, would have sustained the validity of the conditional guilty plea.

## II

A defendant's right to appeal a criminal conviction is secured by the Michigan Constitution.[6] A defendant may voluntarily and knowingly waive that right.[7]

Jordan and Reid argue that the judge did not have the authority to accept a conditional plea and thus that they pled guilty without an adequate understanding of the value of commitments made to them in exchange for their pleas. This misapprehension, the defendants argue, rendered their pleas involuntary and requires that the pleas be set aside and their convictions reversed.

We disagree. We hold that a defendant may appeal from a denial of a Fourth Amendment or a Const 1963, art 1, § 11 search and seizure claim where, as here, the defendant could not be prosecuted if his claim that a constitutional right against unreasonable search and seizure was vio-

[5] 113 Mich App 262; 317 NW2d 589 (1982).

[6] Const 1963, art 1, § 20.

[7] See, e.g., People v Alvin Johnson, 396 Mich 424, 439; 240 NW2d 729 (1976); Tollett v Henderson, 411 US 258, 267; 93 S Ct 1602; 36 L Ed 2d 235 (1973).

Jordan and Reid pled guilty pursuant to an agreement with the judge and the prosecutor that their pleas would not constitute waivers of their right to appeal the denial of their motion to suppress. Because their pleas were accepted on the understanding that their right to appeal that issue was not waived, their pleas did not waive their right to appeal the suppression issue. Regardless of one's view of the conditional plea, these defendants must either be permitted to appeal on the merits or have their pleas set aside.

lated is sustained and the defendant, the prosecutor, and the judge have agreed to the conditional plea.

## A

The United States Supreme Court has ruled that a guilty plea does not insulate all claims from review. In *Blackledge v Perry,* 417 US 21; 94 S Ct 2098; 40 L Ed 2d 628 (1974), the Court held that a defendant had a right, although he had pled guilty, to claim on appeal that the trial court was without jurisdiction. Federal courts have also held that a guilty plea does not waive a claim on appeal that the conviction is violative of the Double Jeopardy Clause,[8] that the statute pursuant to which the defendant was charged is unconstitutional,[9] or that the indictment or information does not state an offense.[10]

Some federal courts allow a conditional guilty plea whenever a substantial constitutional claim is involved.[11] Although the United States Supreme Court has not squarely considered the validity of a conditional guilty plea, it has, in dictum, spoken with apparent approval of a New York statute allowing a conditional plea.[12]

[8] *Menna v New York,* 423 US 61; 96 S Ct 241; 46 L Ed 2d 195 (1975).

[9] *Haynes v United States,* 390 US 85; 88 S Ct 722; 19 L Ed 2d 923 (1968); *United States v Ury,* 106 F2d 28 (CA 2, 1939).

[10] *Kolaski v United States,* 362 F2d 847, 848 (CA 5, 1966).

[11] See *United States v Burke,* 517 F2d 377 (CA 2, 1975); *United States v Mendoza,* 491 F2d 534 (CA 5, 1974); *United States v Clark,* 459 F2d 977 (CA 8, 1972). But see *United States v Benson,* 579 F2d 508 (CA 9, 1978); *United States v Matthews,* 472 F2d 1173 (CA 4, 1973); *United States v Cox,* 464 F2d 937 (CA 6, 1972).

[12] *Lefkowitz v Newsome,* 420 US 283, 292-293; 95 S Ct 886; 43 L Ed 2d 196 (1975).

Three states provide by statute that a defendant may appeal an order denying a motion to suppress evidence, notwithstanding a prior plea of guilty. California Penal Code, § 1538.5(m); Wisconsin Statutes

It is well established in this state that a defendant may appeal from a conviction on a plea of guilty claiming that the procedure for taking a plea of guilty prescribed by GCR 1963, 785.7 was not followed, that he was not provided with the opportunity to obtain counsel, or that the plea was not an understanding and voluntary plea or was otherwise obtained in violation of his constitutional rights.

In addressing the question whether a defendant may appeal from a plea-based conviction, this Court has not adhered to a strict "jurisdictional/non-jurisdictional" distinction.[13] In *People v Alvin Johnson,* 396 Mich 424, 444; 240 NW2d 729 (1976), this Court said that notwithstanding a plea of guilty, a defendant may raise "the defense of double jeopardy, those grounded in the due process clause, those relating to insufficient evidence to bind over at preliminary examination *and failure to suppress illegally obtained evidence without which the people could not proceed * * *."* (Emphasis supplied.)

Annotated, § 971.31(10); New York Code Crim Proc, § 710.70(2) (McKinney).

Other states authorize conditional pleas by judicial decision. See, *e.g., Nickels v State,* 545 P2d 163 (Alas, 1976); *Cooksey v State,* 524 P2d 1251 (Alas, 1974); *State v Hutchinson,* 349 So 2d 1252 (La, 1977); *State v Lain,* 347 So 2d 167 (La, 1977); *Dorsey v Cupp,* 12 Or App 604; 508 P2d 445 (1973). But see, *e.g., State v Dorr,* 184 NW2d 673 (Iowa, 1971); *State v Turcotte,* 164 Mont 426; 524 P2d 787 (1974).

[13] More than one commentator has suggested that there is no clear and useful definition of the term "jurisdictional":

"The obvious difficulty with 'jurisdictional error' is that it is not self-defining; it is a label one attaches to those constitutional defenses that are already determined—by some anterior standard—to deserve to be heard.

* * *

"In conclusion, for purposes of defining the kinds of claims that survive a guilty plea, the notion of jurisdictional error is either fallacious or useless: if understood in its technical sense as a term of art, it fails to explain the cases; if understood more broadly as a term for the guilty plea cases alone, it is superfluous." Westen, *Forfeiture by Guilty Plea—A Reply,* 76 Mich L Rev 1308, 1330-1334 (1978).

In *People v White,* 411 Mich 366, 387; 308 NW2d 128 (1981), this Court extended the rationale of *Johnson* to include the claim of entrapment, stating that "[a] claim of entrapment does not involve an assessment of guilt or innocence, but rather expresses a policy that there should be no prosecution at all. In this respect, it is like a jurisdictional defect which is not waived by a plea of guilty."

The people acknowledge that they could not have proceeded with this prosecution without the evidence that Jordan and Reid sought to suppress.

### B

It has been asserted that allowing a defendant to plead guilty and thereafter to appeal a nonjurisdictional issue could result in further overcrowding of the appellate courts. The state, however, has no legitimate interest in discouraging a defendant from appealing an adverse ruling in order to reduce the appellate caseload.[14] The issues involved in an appeal may not be presumed to be frivolous.

The procedure for interlocutory review of a defendant's pretrial motion does not provide an adequate opportunity for appellate review of trial court rulings. Such review is granted only infrequently, not as a matter of course. In any event, if interlocutory review is granted, it presents no less a strain on appellate resources than appeal following a plea of guilty or trial.

A defendant may have a legitimate legal defense notwithstanding his factual guilt. As Justice Cav-

[14] A study of conditional guilty pleas concludes that "[e]xperience with conditional pleas in New York and California indicates that a relatively small number of additional appeals are generated; no 'flooding' of appellate courts has resulted." Note, *Conditional Guilty Pleas,* 93 Harv L Rev 564, 573 (1980).

A̅NAGH stated in dissent in *Reid,* "[a] qualified plea does not cause the courts to consider claims to which a defendant 'was not entitled.' It merely allows a defendant to say, 'Yes, I did the act, but I contest the state's ability to present its case against me.' There may be a number of reasons why a defendant would feel he had a legitimate legal defense to the state's prosecution, but that it would be futile or impossible for the defendant to say that he did not do the act with which he was charged." 113 Mich App 262, 269; 317 NW2d 589 (1982).

It is argued that permitting an appeal from a guilty plea would deprive the plea of finality, create delay, and interfere with the deterrent effect of punishment. In cases where the defendant chooses to go to trial in order to preserve his right of appeal, however, not only is finality not achieved, but a successful appeal may result in two trials and two appeals. See *People v Reid, supra,* p 270 (CAVANAGH, J., *dissenting).*

### III

Jordan argues that the evidence obtained on the basis of the search warrant should be suppressed pursuant to *Franks v Delaware, supra.*[15] In that case, the United States Supreme Court held that

"where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the

---

[15] The Court of Appeals did not reach this issue in *Reid.*

defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit."

A hearing was held after the informant said that he had not made statements to the police implicating the defendants in the Bloomfield Township abduction, rape, and robbery. The judge determined that the defendants had not sustained their burden, enunciated in *Franks,* of showing by a preponderance of the evidence that Officer Denomme had recklessly or intentionally made false statements in the affidavit upon which the search warrant was based.

The defendants argued in the circuit court that if, as here, the informant denied having made the statements attributed to him by the officer, the inquiry must come to an end and the affidavit must be reviewed with the challenged material set to one side. We decline to take such a narrow view of the scope of the *Franks* hearing. At a *Franks* hearing, evidence may be suppressed only upon a showing that false material essential to probable cause was knowingly or recklessly included. Both the people and the defendant may present evidence.

In the case before us, three police officers testified that they had been present when the informant made the statements implicating the defendants. The judge found that the defendants had not sustained their burden of showing that the affidavit contained false statements. We conclude that his decision was not clearly erroneous.

## IV

In sum, we hold that a defendant in a criminal case may, after pleading guilty, appeal a decision denying a motion to suppress evidence where, as here, the defendant could not be prosecuted if his claim that a constitutional right against unreasonable search and seizure was violated is sustained and the defendant, the prosecutor, and the judge have agreed to the conditional plea. If they so agree, the defendant may offer a conditional plea of guilty, and, after his conviction on such a plea, he may appeal from the adverse ruling on his search and seizure claim. If the defendant's claim is sustained on appeal, he may withdraw his plea of guilty.

The convictions are affirmed.

WILLIAMS, C.J., and KAVANAGH and BRICKLEY, JJ., concurred with LEVIN, J.

RYAN, J. *(dissenting)*. The question at issue in this pair of cases is the validity of so-called conditional or qualified guilty pleas. My brother LEVIN, in his opinion for affirmance, holds that

"[a] defendant in a criminal case may, after pleading guilty, appeal a decision denying a motion to suppress evidence where, as here, the defendant could not be prosecuted if his claim that a constitutional right against unreasonable search and seizure was violated is sustained and the defendant, the prosecutor, and the judge have agreed to the conditional plea. If they so agree, the defendant may offer a conditional plea of guilty, and, after his conviction on such a plea, he may appeal from the adverse ruling on his search and seizure claim. If the defendant's claim is sustained on appeal, he may withdraw his plea of guilty."

We dissent not because the concept of condi-

tional guilty pleas may not have merit, but because the circumstances under which we are asked to approve these conditional pleas are not appropriate for the resolution of the conflicting policy considerations necessary to a proper determination of this issue.

## I

### FACTS

The basic facts are not really disputed. Defendants Jordan and Reid, with another person whose case is not before us, were charged with various crimes arising out of an incident in Bloomfield Township on August 31, 1978, in which four high school girls were abducted, at gunpoint, from a Pontiac parking lot. After the four girls were forced into one girl's car, they were robbed. They then were driven to a field some distance from the theatre where they were forced to engage in various sexual acts with the defendants. Both defendants were charged, *inter alia,* with multiple counts of kidnapping, MCL 750.349; MSA 28.581, armed robbery, MCL 750.529; MSA 28.797, and criminal sexual conduct in the first degree, MCL 750.520b; MSA 28.788(2).

After the incident and after several months of investigation, a search warrant was obtained on the basis of information provided by a confidential informant. The result of execution of the warrant was the discovery of defendant Jordan's fingerprints on one of the victim's cars and his subsequent identification by two of the victims. It also resulted in defendant Reid being seized for the purpose of a lineup at which he was identified. Defendant Reid, at the time the crimes were committed, was a juvenile. The Oakland Probate Court subsequently waived jurisdiction over him.

Prior to trial, defendants Reid and Jordan asserted that the affidavit supporting the search warrant was based upon false information. The essence of the charge was that the affiant, a police officer, had misrepresented, in the affidavit, that information had been given to the police officer by the confidential informant. The defendants claimed that the confidential informant never gave the affiant/police officer any information.

A *Franks [Franks v Delaware,* 438 US 154; 98 S Ct 2674; 57 L Ed 2d 667 (1978)] hearing was held, and at that hearing various police officers, as well as the confidential informant, testified. The confidential informant denied that he had given the information in question to the police. At the conclusion of the hearing, the trial judge denied defendants' motion to suppress, ruling that the affidavit was valid because it was not based on false information.

Thereafter, each defendant pled guilty to five counts (one count of kidnapping, two counts of armed robbery, and two counts of criminal sexual conduct in the first degree) in exchange for the dismissal of nine remaining counts. The plea was entered with the agreement of the defendants that there was provided for appellate review the issue whether the search warrant issued in the case was valid.[1] The prosecutor agreed to the terms of the

---

[1] Concerning defendant *Jordan,* the trial court asked:

"Are you stating that you [defendant Jordan] and your lawyer have been promised by the prosecutor in exchange for pleading guilty to these charges, that the question of the admissibility of the search warrant, the *Franks* issue, be preserved and certified for appeal and that all other counts that are involved in this particular case wil be dismissed? Do you understand that?

"Answer: Yes, sir."

The prosecutor's understanding of the plea agreement was

"[t]hat defendant is charged a multiple count for fourteen counts and of those counts, we understand that he will plead guilty to Counts I, VI, VII, XV, and XVIII, and secondly, that the defendant

agreement, and the trial court gave at least tacit approval to the arrangment by allowing entry of the plea.

Both defendants appealed to the Court of Appeals. In *People v Jordan,* the Court of Appeals affirmed in a memorandum opinion dated April 17, 1981. The Court of Appeals stated that the trial court did not err in accepting the defendants' qualified guilty plea, that the trial court's ruling on a motion to suppress may not be reversed on review unless it is clearly erroneous, that sufficient evidence was presented at the suppression hearing for the trial court to conclude that the informant's affidavit upon which the search warrant was based was valid, and that the evidence seized under that warrant was admissible.

In *People v Reid,* the defendant raised two issues concerning the search warrant before a different panel of the Court of Appeals. Although the

---

has the right to preserve for appellate purposes all issues relating to the issuance of the search warrant in this case, the *Franks* issue so to speak."

Concerning defendant *Reid,* the prosecutor stated:

"This defendant is charged in the same multiple count information as defendants Hardy and Jordan. The plea agreement is that if the defendant pleads guilty to Counts II, VI, VII, XXII, and XXIV, the prosecution will agree to dismiss all remaining counts. In addition, the defendant preserved the right to appeal the admissibility of evidence which resulted from this search warrant. That's the People's understanding of the complete agreement."

Defense counsel asserted that that was a fair statement of the plea agreement. The defendant responded "Yes" when asked whether he had been promised, in addition "that the question of the admissibility of the search warrant will be preserved and certified for appeal." Later, defense counsel clarified the situation slightly, stating:

"We are preserving any issues with relation to the issuance and use of a search warrant to secure evidence, more specifically the affidavit was factually insufficient and that the information contained in the affidavit was knowingly false and that therefore the use of the search warrant to secure the presence of the defendant and his body for the line-up in this case and the evidence that was secured as a result of him *[sic]* being placed in the line-up would therefore be inadmissible and a violation of his Fourth Amendment rights."

defendant did not raise any issue concerning the conditional or qualified plea, the Court of Appeals did raise that issue. A majority of the panel members held that the qualified plea was invalid, set it aside, and remanded the case to the trial court for the taking of an unqualified plea or for trial. The majority did not reach the merits of the defendant's arguments on appeal. 113 Mich App 262; 317 NW2d 589 (1982). Judge CAVANAGH dissented, stating: "I would hold that the plea tendered herein was valid and enforceable." Then, reaching the merits of defendant Reid's appeal, Judge CAVANAGH declared: "As my review of the record and briefs discloses no reversible error, I would affirm the convictions." 113 Mich App 271.

This Court granted leave to appeal. 414 Mich 867 (1982).

## II

### GUILTY PLEAS

The practice of plea bargaining in its various forms has been acknowledged, judicially sanctioned, and its prevalence is not subject to serious dispute. Plea bargaining is "an essential component of the administration of justice." *Santobello v New York,* 404 US 257, 260, and fn 2; 92 S Ct 495; 30 L Ed 2d 427 (1971) (Douglas, J., *concurring); People v Killebrew,* 416 Mich 189, 197; 330 NW2d 834 (1982).

It has been said that an *unconditional* "guilty plea waives all nonjurisdictional defects in the proceedings." *People v Alvin Johnson,* 396 Mich 424, 440; 240 NW2d 729 (1976), *cert den* 429 US 951 (1976); *People v Ginther,* 390 Mich 436, 440; 212 NW2d 922 (1973) ("The authorities are legion that a plea of guilty waives error committed by a judge in rulings on defense motions made before

the plea is offered and accepted"). In the so-called guilty plea trilogy, the Supreme Court established that valid guilty pleas bar certain later constitutional challenges to pretrial proceedings. *Brady v United States,* 397 US 742; 90 S Ct 1463; 25 L Ed 2d 747 (1970), *McMann v Richardson,* 397 US 759; 90 S Ct 1441; 25 L Ed 2d 763 (1970), and *Parker v North Carolina,* 397 US 790; 90 S Ct 1458; 25 L Ed 2d 785 (1970). A guilty plea is a "break in the chain of events which has preceded it in the criminal process":

"We thus reaffirm the principle recognized in the *Brady* trilogy: A guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann." Tollett v Henderson,* 411 US 258, 267; 93 S Ct 1602; 36 L Ed 2d 235 (1973).

An unconditional or an unqualified plea of guilty does not preclude review of so-called "jurisdictional defects." Those defects that have been classified as "jurisdictional" are generally those which would prevent a trial from occurring in the first instance. Thus, after a guilty plea, a defendant may challenge his plea-based conviction if the conviction is in violation of the Double Jeopardy Clause, *Menna v New York,* 423 US 61; 96 S Ct 241; 46 L Ed 2d 195 (1975) (per curiam), the court lacks jurisdiction to try the accused for the offense, *Blackledge v Perry,* 417 US 21; 94 S Ct 2098; 40 L

Ed 2d 628 (1974), or the statute under which the defendant is charged is unconstitutional, *Haynes v United States,* 390 US 85, 87, fn 2; 88 S Ct 722; 19 L Ed 2d 923 (1968). See also *People v Alvin Johnson,* 396 Mich 424, 444; 240 NW2d 729 (1976), wherein this Court stated that

"[t]hose rights which might provide a complete defense to a criminal prosecution, those which undercut the state's interest in punishing the defendant, or the state's authority or ability to proceed with the trial may never be waived by a guilty plea. These rights are similar to the jurisdictional defenses in that their effect is that there should have been no trial at all. The test, although grounded in the constitution, is therefore a practical one. Thus, the defense of double jeopardy, those grounded in the due process clause, those relating to insufficient evidence to bind over at preliminary examination and failure to suppress illegally obtained evidence without which the people could not proceed are other examples. Wherever it is found that the result of the right asserted would be to prevent the trial from taking place, we follow the lead of the United States Supreme Court and hold a guilty plea does not waive that right."

In addition, in *People v White,* 411 Mich 366, 387; 308 NW2d 128 (1981), we extended the rationale of *Alvin Johnson* to encompass the claim of entrapment, likening entrapment to a jurisdictional defect because entrapment expresses a policy that there should be no prosecution at all and does not involve an assessment of guilt or innocence. See also *Blackledge v Perry,* 417 US 21; 94 S Ct 2098; 40 L Ed 2d 628 (1974) (a due process violation by charge enhancement following the defendant's exercise of a right to trial may be raised after a guilty plea). The correctness or the

propriety of the jurisdictional/nonjurisdictional dichotomy is not before us.[2]

Until 1983, various circuits of the United States Courts of Appeal accepted or rejected conditional or qualified guilty pleas in varying degrees. There was a split among the circuits concerning the appropriateness of particular exercises of supervisory authority to accept conditional guilty pleas.[3]

## III

### CONDITIONAL OR QUALIFIED GUILTY PLEAS

The debate concerning conditional or qualified guilty pleas has been the subject of thoughtful discussion. See generally, Note, *Conditional Guilty Pleas,* 93 Harv L Rev 564 (1980) (hereinafter "Guilty Pleas"), and Comment, *Conditioned Guilty Pleas: Post-Guilty Plea Appeal of Nonjurisdictional Issues,* 26 UCLA L Rev 360 (1978) (hereinafter "Conditioned Guilty Pleas").

It has been said that the first suggestion that a conditioned guilty plea might be appropriate arose in the case of *United States v Doyle,* 348 F2d 715 (CA 2, 1965), *cert den* 382 US 843 (1965). *Conditioned Guilty Pleas,* 26 UCLA L Rev, p 369. The Supreme Court of the United States has not yet spoken on the validity of conditional guilty pleas. In the Guilty Plea Trilogy, the Supreme Court majority expressly left open a conditional guilty

[2] Compare Saltzburg, *Pleas of Guilty and the Loss of Constitutional Rights: The Current Price of Pleading Guilty,* 76 Mich L Rev 1265 (1978), with Westen, *Forfeiture by Guilty Plea—A Reply,* 76 Mich L Rev 1308 (1978).

[3] Compare *United States v Zudick,* 523 F2d 848, 852 (CA 3, 1975) (approving use of conditional guilty pleas under court's supervisory power), with *United States v Benson,* 579 F2d 508, 510-511 (CA 9, 1978) (no statutory basis for conditional guilty pleas). Beale, *Reconsidering Supervisory Power in Criminal Cases: Constitutional and Statutory Limits on the Authority of the Federal Courts,* 84 Colum L Rev 1433, 1461 (1984).

plea question, stating, "We do not here consider whether a conviction, based on a plea of guilty entered in a State permitting the defendant pleading guilty to challenge on appeal the admissibility of his confession * * * would be open to attack in federal habeas corpus proceedings on the ground that the confession was coerced." *McMann v Richardson,* 397 US 759, 770, fn 13; 90 S Ct 1441; 25 L Ed 2d 763 (1970). In *United States v Morrison,* 449 US 361, 363, fn 1; 101 S Ct 665; 66 L Ed 2d 564 (1981), the Supreme Court noted that the guilty plea at issue was conditioned on the respondent's right to appeal the district court's denial of the motion to dismiss. The Supreme Court further noted that the Third Circuit had approved the procedure and that "[w]e express no view on the propriety of such conditional pleas."

On the other hand, in *Lefkowitz v Newsome,* 420 US 283, 293; 95 S Ct 886; 43 L Ed 2d 196 (1975), the Supreme Court characterized the New York practice allowing appeals of suppression motions as "commendable efforts to relieve the problem of congested criminal trial calendars in a manner that does not diminish the opportunity for the assertion of rights guaranteed by the Constitution."

This Court has not considered, substantively, this issue, although we have noted the existence of a split in the federal circuits on this matter. *People v Alvin Johnson,* 396 Mich 424, 440, fn 15; 240 NW2d 729 (1976). See also *People v White,* 411 Mich 366, 399, fn 8; 308 NW2d 128 (1981).

The policy reasons, pro and con, concerning the wisdom and justice of conditional or qualified guilty pleas are not arguments which lend themselves to adoption or rejection based upon swift, abbreviated and case-specific discussion.

Despite the docket clearing value of conditional

guilty pleas, which appears to be the feature of the practice most appealing to many of its advocators, at least four major arguments rejecting the conditional or qualified guilty plea concept have been raised. Those objections are that the procedure 1) encourages a flood of appellate litigation, 2) militates against achieving finality in the criminal process, 3) reduces effectiveness of appellate review due to the lack of a full trial record, and 4) forces decision on constitutional questions that otherwise can be avoided by invoking the harmless error doctrine. *Conditioned Guilty Pleas,* 26 UCLA L Rev, p 375.

Those claims deserve careful consideration, as do the responses they have generated.

The argument that the conditional guilty plea procedure would open a floodgate of appellate litigation is said not to withstand close analysis because, for instance, the experience of states that have statutory provisions exempting search and seizure issues from a guilty plea's "break in the chain of events" reveals that the number of appeals has not increased substantially. "During the first nine years following the passage of such an exemptive statute in New York, only twenty reported cases dealt specifically with an appeal following a plea of guilty. Similar results were reported in California, where thirteen appeals occurred during the first five years after the enactment of an exemptive statute." *Conditioned Guilty Pleas,* 26 UCLA L Rev, p 376. See also *Guilty Pleas,* 93 Harv L Rev, pp 572-573. Indeed, it is further said that conditional guilty pleas may constitute a commendable effort to relieve the problem of congested trial calendars, see *Lefkowitz, supra,* since currently, in most jurisdictions, in order to save constitutional claims for appeal in jurisdictions without the availability of a condi-

tional plea, a defendant must plead not guilty and
go to trial or attempt an interlocutory appeal.

A second objection made to conditional guilty
pleas is that the "condition" undermines the con-
cept of finality in guilty pleas. A conditional guilty
plea certainly does not have the finality that a
traditional unconditional guilty plea has. However,
a conditional plea, depending on the condition
attached, serves to make final some aspect of the
government's case. In addition, it has been said
that finality has never been paramount when the
vindication of important constitutional rights is at
stake; that finality is of limited force as a justifica-
tion for foreclosing the use of conditional pleas to
raise claims of constitutional error; and that condi-
tional pleas are as final as any conviction at trial
that might be reversed on direct appeal and cer-
tainly no less final than a plea of not guilty
accompanied by stipulation to the prosecutor's
case. *Guilty Pleas,* 93 Harv L Rev, pp 574-575.

The lack of a full record on appeal is also of
significant concern. As noted by Chief Judge DAN-
HOF below, the limited record ordinarily developed
prior to a guilty plea may make review of a
complex constitutional or evidentiary question dif-
ficult. *People v Reid,* 113 Mich App 262, 268; 317
NW2d 589 (1982). A reply to that concern is sim-
ply that since the appeal is solely on the constitu-
tional claim, the record of a suppression hearing is
all that is required. See *Guilty Pleas,* 93 Harv L
Rev, p 576, fn 54.

The fourth concern is that the conditional guilty
pleas circumvent the application of the harmless
error doctrine; because no trial took place, an
appellate court is unable to ascertain whether
there is sufficient evidence that is not subject to
suppression to warrant reversal. In response to
that, it is proposed that all sides could agree that

if the disputed evidence is suppressed, on appeal, the case must be dismissed. Or, in other cases where the magnitude of error is unclear, a remand solves the problem and the prosecutor will decide, on remand, if there is enough remaining evidence to justify pursuing the case. 93 Harv L Rev, p 576, fn 54. One proponent of conditional guilty pleas asserts that a careful examination of the conditional plea raises the question of whether the error properly reserved could ever be harmless. *Conditioned Guilty Pleas,* 26 UCLA L Rev, p 380.

It is also argued that defendants who have admitted, in open court, their legal guilt should not also be free to maintain claims that might enable them to escape punishment. The criminal process, it is claimed, should end and punishment should be imposed. However, the Supreme Court has recognized that certain constitutional defenses to criminal prosecutions still obtain notwithstanding guilty pleas, and that constitutional claims to exclude evidence are not related to guilt but are deliberate choices to serve values other than convicting the guilty. 93 Harv L Rev, pp 569-570.

In addition, it is argued that "the prosecutor and the criminal defendant may not—even with the trial court's acquiescence—contractually suspend the well-established rule that a guilty plea waives all nonjurisdictional defects." In addition, qualified or conditional guilty pleas should not be enforced absent an authorizing court rule or statute. *People v Reid,* 113 Mich App 267.

"In most jurisdictions a guilty plea will prohibit a criminal defendant from appellate review of all nonjurisdictional issues. When a defendant's only realistic defense *(e.g.,* illegal search and seizure) is denied upon pretrial motion, the traditional rule inefficiently requires the defendant to proceed to trial in order to preserve the right to appeal the trial court's finding

* * *." *Conditioned Guilty Pleas,* 26 UCLA L Rev, p 394.

Three methods are used to avoid that problem. The first is the use of the conditional guilty plea. The second is a defendant's stipulation to trial on the preliminary examination transcript. Apparently characterized as a "slow plea" or a "stipulation on transcript," this procedure involves no guilty plea at all, but rather the defendant first enters a plea of not guilty and, following the denial of a pretrial motion, the prosecution and defense agree to base the determination of guilt upon the evidence already submitted at the preliminary examination. Then, the transcript of a proceeding is submitted to the trial judge who then makes a determination of guilt based on that record. Third, there is legislative exemption of specific nonjurisdictional issues from the traditional rule. As my brother LEVIN notes, three states statutorily allow a defendant to appeal an order denying a motion to suppress evidence notwithstanding a prior guilty plea. California Penal Code, § 1538.5(m); Wisconsin Stats Ann, § 971.31(10); New York Code Crim Proc, § 710.70(2) (McKinney). *Ante,* pp 332-333, fn 12.

It is improbable, upon any objective consideration of these arguments, that one would not find one or more of the enunciated reasons for the validity or invalidity of conditional guilty pleas compelling. Compare the opinions below of Chief Judge DANHOF and my brother Justice CAVANAGH. *People v Reid,* 113 Mich App 262; 317 NW2d 589 (1982).

Today, the opinion for affirmance creates, albeit to a limited and unclear extent, conditional guilty pleas following a decision denying a motion to suppress evidence where the defendant could not

be prosecuted if his claim concerning unreasonable searches and seizures is sustained and the defendant, the prosecutor, and the judge agree to the conditional plea. Although this newly approved plea seemingly is limited by its very words to Fourth Amendment search and seizure issues, what is written today is but an adumbration of other mutations. The Court's opinion raises a whole host of unanswered questions. Can Fifth and Sixth Amendment issues be preserved by the use of conditional guilty pleas? What about other constitutional issues? Can or should statutory violations be the subject of a conditional or qualified guilty plea? Need the prosecutor and the defense counsel agree that the disputed evidence, that is, the evidence subject to the condition of the guilty plea, be case-dispositive or, if the defendant, wins on appeal, may he still be subject to further prosecution upon the basis of other evidence of the same crime?

We need not, should not, and indeed cannot, at this sitting ascertain many of the problems associated with conditional pleas and search and seizure questions. We have mentioned but a few of the arguments for and against the use of conditional pleas. The opinion for affirmance will permit piecemeal resolution of which issues may be the subject of conditioned guilty pleas. Without the promulgation of clear standards, either by statute or by court rule, the use of conditional guilty pleas will result in much uncertainty in the plea bargaining process since no one can be sure whether a specific conditional plea on which a bargain is predicated will be accepted by an appellate court. See 93 Harv L Rev, p 576, fn 54.

Such uncertainty is plain in the disparate resolution at the intermediate appellate level of these two cases. In the case of one defendant, the Court

of Appeals upheld the validity of the qualified plea, whereas in the other case, the Court of Appeals declined to accept the conditioned plea. What is written today is case specific and does not purport to govern future guilty pleas having different and more innovative conditions. This ad hoc resolution of which issues may be the subject of a conditional guilty plea and whether guilty pleas are valid in the first instance does not promote efficiency in this One Court of Justice.

The federal approach to the use of conditional guilty pleas was much more thoughtful and deliberate and, appropriately, respected the fact that competing interests, policy agreements and values deserved careful consideration.

In October of 1981, the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States published a preliminary draft of a proposed amendment to Rule 11 of the Federal Rules of Criminal Procedure. Public hearings were scheduled in 1982. The proposed amendment to Rule 11 concerned conditional pleas.[4] The advisory committee, at that time, published a substantial accompanying note. See 91 FRD 289, 319-325. On April 28, 1983, the Supreme Court of the United States ordered the adoption of a rule concerning conditional pleas that was substantially, but not wholly, like the proposed amendment.[5]

---

[4] The proposed amendment, FR Crim P 11(a)(2), read as follows:

"With the approval of the court and the consent of the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right to appeal from the adverse determination of any specified pretrial motion. If the defendant prevails on appeal, he shall be afforded the opportunity to withdraw his plea."

[5] The adopted rule reads as follows:

"With the approval of the court and the consent of the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion. If the defendant prevails on appeal, he shall be allowed to withdraw his plea."

The adoption of the amendment to Rule 11 of the Federal Rules of Criminal Procedure raises at least two more questions that the opinion for affirmance does not, and cannot within the bounds of judicial propriety, consider. First, is a conditional plea of nolo contendere valid? Second, need the defendant reserve *in writing* the right to appeal. Again, it is to be noted that, under the federal rule, appeal may be taken from the adverse determination of *any* specified pretrial motion, and the conditional plea is not limited either to search and seizure issues, or even to constitutional issues.

We believe that there are compelling arguments for and against having such a practice concerning conditional or qualified guilty pleas, including the fact that it does not comport with the efficient administration of justice to permit defense counsel, on an ad hoc basis, to circumvent the rule that nonjurisdictional defects are waived by a guilty plea. There are, as noted above, a host of questions left unaddressed and, therefore, unanswered by my colleagues.

This Court has appointed the Criminal Court Rules Committee to prepare, debate, discuss, and ultimately recommend to this Court rules of criminal procedure. The committee has in fact, in its interim report, recommended a proposed rule concerning conditional guilty pleas.[6] We are duty-bound to publish this recommended rule for comment so that interested members of the legal community (prosecutors, defense attorneys, trial

---

[6] The committee's proposed rule reads as follows:

"With the consent of both the court and the prosecutor, a defendant may enter a conditional plea of guilty, nolo contendere, guilty but mentally ill, or not guilty by reason of insanity. The defendant must accompany a conditional plea with a written document that reserves the right, notwithstanding the plea, to appeal from specified pretrial rulings. If the defendant succeeds on appeal, the court shall permit him to withdraw his plea. If the defendant loses on appeal, the judgment on the plea shall remain in effect."

judges, and appellate judges), as well as the public at large, may comment upon the proposal.

Indeed, that publication for comment is the proper course of action is further buttressed by the fact that guilty plea procedures are now extensively codified by court rule. GCR 1963, 785 and subchapter 6.100 of the Michigan Court Rules of 1985 set forth the explicit procedures governing the taking of guilty pleas. There is nowhere to be found, in either rule, any provision authorizing a conditional plea. Without such authority, trial courts are not free, *sua sponte,* to invent or authorize pleas other than those set forth in the rule.

This Court, of course, can amend the rule, but that is not what is being done today and, if it were, we should do so in conformity with our rule that first calls for publication inviting public comment.

The opinion for affirmance in effect permits ad hoc, piecemeal determination by trial courts and the Court of Appeals as to what variations on the theme of conditional guilty pleas might be acceptable at the ultimate level of review. This does not comport with the efficient administration of justice, and, in fact, is manifestly inefficient.

There are compelling arguments for sanctioning the use of conditional guilty pleas. There are also compelling arguments in opposition. In any event, this Court's sanction of such a procedure should not be predicated on the limited, fact-specific case now before us, nor should such a procedure be sanctioned without consideration by, and comment from, interested members of the bar and the public. Moreover, this Court should not sanction such conditional pleas as they are not authorized by statute, court rule, or the common law.

We would reverse the judgment of the Court of Appeals in *Jordan* and remand for the entry of an

unconditional plea or for trial, affirm in *Reid,* and publish the proposed rule for comment.[7]

BOYLE, J., concurred with RYAN, J.

CAVANAGH, J., took no part in the decision of these cases.

---

[7] I intimate no opinion concerning the validity of the conditional guilty pleas which have been offered and accepted heretofore, resulting in convictions which have been affirmed on appeal. See, *e.g., People v Puertas,* 122 Mich App 626; 332 NW2d 399 (1983), *lv den* 417 Mich 1056 (1983), *People v Whittie,* 121 Mich App 805; 329 NW2d 497 (1982), *People v Thomas,* 115 Mich App 586; 321 NW2d 742 (1982), *People v Hubbard,* 115 Mich App 73; 320 NW2d 294 (1982), *lv den* 417 Mich 910 (1983) (nolo contendere), *People v McIntosh,* 110 Mich App 139; 312 NW2d 415 (1981), *People v Eichenberg,* 108 Mich App 578; 310 NW2d 800 (1981), and *People v Ricky Smith,* 85 Mich App 32; 270 NW2d 697 (1978).