# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

AKEEN RASHEED BROWN,

       Defendant-Appellant.

UNPUBLISHED
April 14, 2015

No. 319353
Jackson Circuit Court
LC No. 11-004120-FH

Before: WILDER, P.J., and SERVITTO and STEPHENS, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] from the trial court's denial of his motion for relief from judgment. He seeks specific performance of an alleged conditional plea, review of the trial court's decision on an earlier motion to suppress, and resentencing. For the reasons below, we remand for resentencing and affirm in all other respects.

Defendant pleaded guilty to felon in possession of a firearm, MCL 750.224f; possession of a firearm during the commission of a felony, MCL 750.227b; and possession of marijuana with intent to deliver, MCL 333.7401(2)(d)(*iii*). The court sentenced defendant to prison terms of 12 to 60 months, 24 months, and 12 to 48 months, respectively.

At defendant's preliminary examination, City of Jackson Police Department Officer Peter Postma testified that while on road patrol in the early hours of February 13, 2011, his attention was drawn to a silver vehicle, driven by defendant, which kept veering out of its lane without signaling. Postma pulled the vehicle over for the lane violation and to investigate whether the driver was operating while intoxicated or impaired. As he approached the car, Postma could smell a marijuana odor coming from the vehicle and from defendant. Defendant gave Postma permission to search his person, and several individual bags of marijuana, a large amount of currency, and a loaded gun were found on defendant or in the vehicle.

---

[1] *People v Brown*, unpublished order of the Court of Appeals, entered January 10, 2014 (Docket No. 319353).

-1-

Defendant moved to suppress the evidence seized on the ground that the officer did not have reasonable suspicion of any criminal activity when he stopped defendant's vehicle. The traffic stop had been captured by the patrol vehicle's video camera. Defendant argued the recording showed that the "swerving" was "very minimal" and "almost non-observable." Defendant asserted that his vehicle "possibly touched the line separating the two lanes at one point," but argued that was insufficient justification for stopping the vehicle. Plaintiff asserted that the recording clearly showed defendant's vehicle had two wheels in the other lane. The trial court viewed the recording stated it was "evident" that defendant's tires "actually crossed the line several times, the white line." The trial court characterized the issue as a close question, but concluded that given the totality of the circumstances, there was enough for an officer to make a limited intrusion to further investigate the driver. Therefore, the trial court denied defendant's motion to suppress but granted a stay of proceedings to allow an interlocutory appeal. Defendant filed a delayed application for leave to appeal, which this Court denied.[2] Defendant did not appeal that denial to our Supreme Court.

Defendant then entered into a plea. The trial court indicated during the plea hearing that it would be willing to allow defendant to reserve the right to appeal. However, the plea form in the record does not mention the reservation of any appellate rights. At sentencing, the trial court noted that the issue of the stop had been appealed to this Court, but did not make any further mention of appellate rights and defendant's counsel agreed that the court fulfilled and lived up to the agreement of the parties.

A year later, in May 2013, defendant filed a motion for relief from judgment, arguing that he had a right to appeal the stop issue post-sentencing and that counsel was ineffective for failing to challenge the scoring of prior record variable (PRV) 7, MCL 777.57. The trial court found that there was no conditional plea because there was no evidence on the record that plaintiff agreed to allow defendant to appeal the search issue. Further, the trial court concluded it had already decided the stop issue at the suppression hearing, and defendant had failed to show good cause for failure to file a timely appeal. Regarding the sentencing challenge, the trial court concluded that PRV 7 was incorrectly scored at 20 points instead of 10 points and that this scoring change lowered defendant's PRV level from "F" to "E," which changed the guidelines' minimum range from 12 to 24 months to 10 to 23 months. However, the trial court asserted that because defendant's 12-month minimum remained a valid sentence, defendant was not entitled to resentencing.

Defendant first argues that his guilty plea was conditional and that he must be allowed to appeal the constitutionality of his vehicle stop. A conditional plea requires the consent of the defendant, prosecutor, and the court. MCR 6.301(C)(2); *People v Reid*, 420 Mich 326, 331-332; 362 NW2d 655 (1984). However, where a plea is not conditional and "where the defense or right asserted by defendant relates solely to the capacity of the state to prove defendant's factual guilt, it is subsumed by defendant's guilty plea." *People v New*, 427 Mich 482, 491; 398 NW2d

---

[2] *People v Brown*, unpublished order of the Court of Appeals, entered February 13, 2012 (Docket No. 306848).

358 (1986). A guilty plea waives a defendant's right to challenge the sufficiency of the evidence or a trial court's decision on a motion to suppress because those defenses go only to the state's burden to show factual guilt and do not implicate the authority of the state to bring the defendant to trial. *Id*. at 494-496.

The record evidence establishes that defendant's plea was not conditional. The trial court stated it would be "willing to allow" defendant to reserve the right to appeal the issue of the validity of the stop "if you ever want to do that," but defendant never requested the court to do so. Nor is there any mention of such an agreement on the plea form, which was signed by defendant, plaintiff, and the court. Additionally, when the trial court addressed the issue again at sentencing, it did not state that the issue had been preserved; it merely reiterates its opinion that it was a close question. Although both defendant and his counsel spoke at sentencing, neither indicated an understanding that the stop issue was preserved for further review. And, defense counsel did acknowledge that the trial court had fulfilled the agreement of the parties. Accordingly, defendant's unconditional plea waived the issue of the validity of the stop.

In any event, the stop was based on a reasonably articulable suspicion. See *People v Oliver*, 464 Mich 184, 192; 627 NW2d 297 (2001). The trial court properly considered the totality of the circumstances, including defendant's driving and the time of night of the incident. There was evidence that defendant's tires touched, if not crossed, the line dividing the lanes multiple times. That the trial court thought the issue was a close call does not make it an erroneous call on the part of the investigating officer. The officer articulated a reasonable suspicion that defendant's less than perfect driving combined with the time of night called for further investigation. Defendant's state and federal constitutional rights were not violated.

Defendant also argues that he is entitled to resentencing because of the error in scoring PRV 7. Generally, when, as here, a defendant is sentenced on inaccurate or incorrect information, he is entitled to resentencing. *People v Jackson*, 487 Mich 783, 792; 790 NW2d 340 (2010). This remains true where the sentence imposed remains within the newly calculated guidelines. *People v Johnson*, 474 Mich 96, 98, 103; 712 NW2d 703 (2006).

Defendant moved for relief from judgment in the trial court, arguing in part, that counsel was ineffective for failing to challenge the scoring of PRV 7. The prosecution, in response, conceded that PRV 7 was improperly scored, given that the statute specifically forbade the use of defendant's felony firearm conviction for purposes of scoring PRV 7. The prosecution left it to the trial court's discretion as to whether to resentence defendant.

In its "Order Following Motion for Relief from Judgment" the trial court stated, ". . . Defendant had only one eligible concurrent felony conviction which was felon possessing a firearm; the language of the statute specifically forbids scoring felony firearm for this PRV MCL 777.57(2)(b). Therefore, PRV 7 was improperly scored at 20 points and will be rescored correctly at 10 points." The trial court also concluded, however, that even though the corrected PRV changed defendant's minimum guidelines range from 12-24 months to 10-23 months, because his sentence of 1-5 years fell within the corrected guidelines range it was a valid sentence and "this Court may not modify a valid sentence." An amended sentence was entered a few weeks after the original entry of sentence.

To obtain relief from judgment under MCR 6.508(D)(3), both good cause and actual prejudice must be shown. "Good cause" can be established by proving ineffective assistance of counsel. *People v Kimble*, 470 Mich 305, 314; 684 NW2d 669 (2004). While the trial court did not explicitly state that counsel was ineffective for failing to note that the relevant statutory language explicitly prohibited inclusion of one of defendant's prior convictions for scoring purposes, its finding and the prosecution's concession of the same could arguably be considered a finding that counsel was ineffective. Thus the "good cause" prior necessary for relief from judgment has been shown.

The Supreme Court has recognized that a defendant is entitled to be scored on the basis of accurate information, which includes accurately scored guidelines. *People v Francisco*, 474 Mich 82, 88, 89; 711 NW2d 44 (2006). "[W]hen a trial court sentences a defendant in reliance upon an inaccurate guidelines range, it does so in reliance upon inaccurate information." *Id.* at 89 n 7, and the resulting sentence is invalid. *Id.* at 89, quoting *People v Miles*, 454 Mich 90, 96; 559 NW2d 299 (1997). Thus, the court's conclusion that the sentence was valid is incorrect. And more importantly, MCR 6.508(D)(3)(b)(iv) explicitly provides that "actual prejudice" exists in a sentencing challenge when the sentence is invalid. Having met the second prong necessary for relief from judgment, that of actual prejudice, defendant is entitled to relief from the judgment in the form of resentencing.

Additionally, as explained in *People v Jackson*, 487 Mich at 792, MCL 769.34(10) governs remand for rensentencing:

> If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals *shall affirm* that sentence and *shall not remand* for resentencing *absent an error in scoring the sentencing guidelines or inaccurate information* relied upon in determining the defendant's sentence." (Emphasis added.) The clear meaning of this sentence is that the Court shall not remand for resentencing *unless* there was either an error in scoring or defendant's sentence was based on inaccurate information. Conversely, this means that the Court is required to remand whenever one of these two circumstances is present. Thus, the Court may not ignore the two criteria for when a case should be remanded merely because the sentence is within the appropriate guidelines range. *Jackson*, 487 Mich at 792.

Here, the trial court relied on inaccurate information in determining the defendant's sentence. Under MCL 769.34(10), resentencing is thus required. We recognize that MCL 769.34(10) also provides that:

> A party shall not raise on appeal an issue challenging the scoring of the sentencing guidelines or challenging the accuracy of information relied upon in determining a sentence that is within the appropriate guidelines sentence range unless the party has raised the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals.

However, this portion of MCL 769.34(10) pertains to merely how a defendant must preserve (1) an issue pertaining to scoring of the sentencing guidelines and (2) challenges to the accuracy of

information relied upon in determining a sentence within the appropriate guidelines range. On appeal, defendant is not challenging the scoring of the sentencing guidelines nor is he challenging the accuracy of the information relied upon in determining his sentence which fell within the guidelines range. The trial court has already found that the scoring was incorrect and corrected it. What it then did, however, was determine that defendant's sentence was nevertheless valid and that it thus could not resentence him, which is an incorrect statement of the law.[3] Where, as here, a defendant requests remand for resentencing before this Court and the defendant's incorrectly calculated minimum sentence was within the appropriate guidelines range, he is nevertheless entitled to resentencing. See *Jackson*, 487 Mich at 799-800.

Remanded for resentencing and affirmed in all other respects. We do not retain jurisdiction.

/s/ Kurtis T. Wilder
/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens

---

[3] A court "by definition abuses its discretion when it makes an error of law." *People v Giovannini*, 271 Mich App 409, 417; 722 NW2d 237 (2006)(citation omitted).