# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

DANA LYNN COOK,

      Defendant-Appellant.

FOR PUBLICATION
March 22, 2018
9:00 a.m.

No. 336467
St. Clair Circuit Court
LC No. 16-001652-FH

Before: MURRAY, P.J., and CAVANAGH and FORT HOOD, JJ.

MURRAY, P.J.

## I. INTRODUCTION

This matter is before the Court on remand from our Supreme Court, which directed this Court to consider, as on leave granted, "the following issues: (1) whether the defendant's plea was conditional and reserved her right to appeal, (2) whether the defendant waived appeal of the trial court's decision denying her an evidentiary hearing under Section 8 of the Michigan Medical Marihuana Act [(MMMA)], MCL 333.26421 *et seq.*, if her guilty plea was not conditional, and (3) if the defendant has preserved her right to appeal, whether the trial court erred in denying defendant a Section 8 evidentiary hearing." *People v Cook*, 501 Mich 857, 858 (2017). We affirm defendant's conviction and conclude that (1) defendant's plea was not conditional, a fact that defendant admits, (2) defendant waived the right to appeal the trial court's denial of an evidentiary hearing under Section 8 of the statute, MCL 333.26428, and (3) we are precluded from resolving the third issue on remand because, as noted under (2), the issue was waived.

## II. FACTS AND PROCEEDINGS

After the St. Clair Circuit Court denied her motion seeking an evidentiary hearing pursuant to Section 8, the affirmative defense provision of the MMMA, defendant pleaded guilty to operating a motor vehicle with the presence of marijuana[1] in her body, MCL 257.625(8).

---

[1] "Although the MMMA refers to 'marihuana,' this Court uses the more common spelling, i.e., 'marijuana,' in its opinions. *People v Carruthers*, 301 Mich App 590, 593 n 1; 837 NW2d 16

-1-

The prosecutor initially charged defendant with one count of operating while intoxicated, third offense, which is a felony in violation of MCL 257.625(1) and (9)(c), and one count of misdemeanor possession of marijuana, MCL 333.7403(2)(d). Defendant, represented by counsel, appeared for a plea proceeding on September 19, 2016. However, a plea agreement was not reached, and the trial court was informed that a laboratory report was now available revealing that defendant's blood contained 14 nanograms per milliliter (ng/ml) of tetrahydrocannabinol (THC). Defendant's counsel explained that he intended to file a motion under Section 8 which provides, in relevant part:

> (a) Except as provided in section 7(b), a patient and a patient's primary caregiver, if any, may assert the medical purpose for using marihuana as a defense to any prosecution involving marihuana, and this defense shall be presumed valid where the evidence shows that:
>
> (1) A physician has stated that, in the physician's professional opinion, after having completed a full assessment of the patient's medical history and current medical condition made in the course of a bona fide physician-patient relationship, the patient is likely to receive therapeutic or palliative benefit from the medical use of marihuana to treat or alleviate the patient's serious or debilitating medical condition or symptoms of the patient's serious or debilitating medical condition;
>
> (2) The patient and the patient's primary caregiver, if any, were collectively in possession of a quantity of marihuana that was not more than was reasonably necessary to ensure the uninterrupted availability of marihuana for the purpose of treating or alleviating the patient's serious or debilitating medical condition or symptoms of the patient's serious or debilitating medical condition; and
>
> (3) The patient and the patient's primary caregiver, if any, were engaged in the acquisition, possession, cultivation, manufacture, use, delivery, transfer, or transportation of marihuana or paraphernalia relating to the use of marihuana to treat or alleviate the patient's serious or debilitating medical condition or symptoms of the patient's serious or debilitating medical condition.
>
> (b) A person may assert the medical purpose for using marihuana in a motion to dismiss, and the charges shall be dismissed following an evidentiary hearing where the person shows the elements listed in subsection (a). [MCL 333.26428.]

According to the prosecution, Section 7(b)(4) of the MMMA, MCL 333.26427(b)(4), which is excepted from the defenses set out in Section 8, does not permit anyone to operate a motor vehicle while "under the influence of marihuana." As a result, the prosecutor argued that the

---

(2013). Therefore, except when directly quoting a statute, we will use the more common spelling in this opinion." *People v Bylsma*, 315 Mich App 363, 365 n 1; 889 NW2d 729 (2016).

Section 8 defense was only applicable to Count II of the information, the misdemeanor possession charge.

Although defense counsel agreed with this position, he nonetheless explained that without the Section 8 defense, the prosecutor could prove the felony charge by simply showing that defendant had any amount of marijuana in her body while she was driving. The trial court determined that it would not hold a Section 8 hearing with regard to the charge of operating while intoxicated, but would hold such a hearing with regard to the misdemeanor possession charge.

The day after this hearing, the prosecutor filed an amended information, replacing the first charge of operating while intoxicated with a charge of operating a vehicle with the presence of a controlled substance in her body, third offense, in violation of MCL 257.625(8) and (9)(c), and left the second charge of possession of marijuana unchanged.

Defendant subsequently filed a motion requesting an evidentiary hearing so that she could prove her Section 8 defense to both charges. Defendant argued that the Section 8 defense applied to any criminal charge involving marijuana, and that the defense was applicable regardless of whether she had a valid patient card at the time of the offense. Defendant agreed that the defense was subject to MCL 333.26427(b)(4), and that under MCL 333.26427(b)(4), the MMMA does not permit anyone to "[o]perate, navigate, or be in actual physical control of any motor vehicle . . . while under the influence of marihuana." Thus, according to defendant, the purpose of raising the defense was to heighten what the prosecutor would have to prove. Defendant explained that if she successfully proved her Section 8 defense, it would be insufficient for the prosecutor to prove that she had any amount of marijuana in her body while driving, as is contemplated by MCL 257.625(8). Rather, the prosecutor could only obtain a conviction by showing that defendant was under the influence of marijuana while driving.

The prosecutor argued that *People v Koon*, 494 Mich 1; 832 NW2d 724 (2013), was inapplicable because the defendant in *Koon* was a registered patient under the MMMA, while defendant here had not acted in conformity with the MMMA and, thus, could not raise a Section 8 defense. The prosecutor further argued that the trial court could conclude from the preliminary examination transcript that defendant was under the influence of marijuana while driving and, thus, was not entitled to a Section 8 defense or hearing on the issue.

The trial court denied defendant's motion. Thereafter, the parties and the trial court reconvened for an on-the-record hearing in chambers. After lengthy discussions about stays, jury instructions, and other matters, the trial court explained that the Section 8 defense was still unavailable to defendant, and that it was denying "the right to present [this] affirmative defense." And because the trial court was denying defendant the ability to present this defense, the court stated that it would not stay the proceedings and the matter would proceed to trial that day.

After counsel discussed the matter with defendant, the parties reconvened about an hour later. The prosecutor explained:

> My understanding is Ms. Cook is going to plead guilty to operating with the presence of a controlled substance third offense which is Count 1, which has a maximum penalty of up to five years. We would dismiss Count 3, the possession

-3-

of marijuana. I did mention that Ms. Cook has obviously with, with a plea it would be an application for leave to appeal. I don't have an objection if the Court puts the sentencing out for a period of time for that application [for] leave.

Defense counsel agreed that this was "a correct recitation," and stated that his "understanding is that today's plea will follow Defendant's application for leave to appeal and that a sentence will not be or at least a sentence will not be imposed until appellate proceedings have finished."

Defendant was sworn in by the trial court and testified that she understood the charge against her and the possible penalty. She was informed of the rights she was waiving by entering a plea, and then provided the factual basis for the plea, admitting that she drove a vehicle on June 17, 2016, after using marijuana, and that she had several prior convictions for drunk driving. The trial court accepted the plea, and on December 20, 2016, entered a judgment of conviction.

We now turn to the issues put forth to us by the Supreme Court.

### III. ANALYSIS

The dispositive issue to resolve is whether defendant waived her ability to challenge, on appeal, the denial of a Section 8 defense by tendering an unconditional[2] guilty plea. Precisely what rights are waived by an unconditional guilty plea is a question of law that we review de novo. *People v Lanzo Constr Co*, 272 Mich App 470, 473; 726 NW2d 746 (2006). We hold that by tendering an unconditional guilty plea, defendant waived her claimed Section 8 defense.

More than three decades ago, in *People v New*, 427 Mich 482, 487-493; 398 NW2d 358 (1986), our Supreme Court discussed at length what, precisely, is waived by an unconditional guilty plea:

This Court has held, as a general rule, that a plea of guilty "waives all nonjurisdictional defects in the proceedings." *People v Alvin Johnson*, 396 Mich 424, 440; 240 NW2d 729 (1976), cert den sub nom *Michigan v Johnson*, 429 US 951; 97 S Ct 370; 50 L Ed 2d 319 (1976), citing *People v Ginther*, 390 Mich 436, 440; 212 NW2d 922 (1973). In *Alvin Johnson*, we addressed the effect of a plea of guilty on the constitutional defense of double jeopardy. Therein, we limited the broad scope of the plea-waiver rule, holding that a guilty plea does not waive defendant's right to appeal from an adverse decision on his double jeopardy defense. [*Johnson*,] 396 Mich [at] 444-445. We set forth the following test to be used to distinguish between those rights or defenses which are waived by a plea of guilty and those rights or defenses which may be asserted despite a plea of guilty:

Certainly it is true that those rights which might provide a complete defense to a criminal prosecution, those which undercut the state's interest in punishing the defendant, or the state's

---

[2] As noted at the outset of this opinion, the parties agree that defendant did not enter a conditional plea. The record and the law support that agreement.

authority or ability to proceed with the trial may never be waived by guilty plea. These rights are similar to the jurisdictional defenses in that their effect is that there should have been no trial at all. The test, although grounded in the constitution, is therefore a practical one. Thus, the defense of double jeopardy, *those grounded in the due process clause, those relating to insufficient evidence to bind over at preliminary examination and failure to suppress illegally-obtained evidence without which the people could not proceed are other examples.* Wherever it is found that the result of the right asserted would be to prevent the trial from taking place, we follow the lead of the United States Supreme Court and hold a guilty plea does not waive that right. [[*Id.* at] 444 (emphasis added)].]

The above-emphasized statement in *Alvin Johnson* was not only a misreading of the previously cited federal authority, it also was not necessary to the decision of that case, as defendant did not present any such claims. Hence, the statement that the defense of the failure to suppress illegally obtained evidence and the defense of insufficient evidence to bind over at the preliminary examination are examples of claims which survive a guilty plea is obiter dictum.

We next addressed the effect of a guilty plea on an appeal in the case of *People v White*, 411 Mich 366; 308 NW2d 128 (1981). In *White*, this Court unanimously held, in separate opinions, that the defense of entrapment was not waived by a plea of guilty. [*Id.* at] 386-387, 399. The majority opinion stated that the defense of entrapment "does not involve an assessment of guilt or innocence, but rather expresses a policy that there should be no prosecution at all." [*Id.* at] 387. Entrapment was determined to be "like a jurisdictional defect." *Id.*

Similarly, the well-reasoned separate opinion noted that if successful, the entrapment defense provides " 'a complete defense to a criminal prosecution' and undercuts 'the state's interest in punishing the defendant' and 'authority or ability to proceed with the trial.' " [*Id.* at] 393 (MOODY, J., concurring in part and dissenting in part), quoting *Alvin Johnson*, 396 Mich [at] 444.

Recently, this Court discussed the related issue of the validity of a conditional plea of guilty in the case of *People v Reid*, 420 Mich 326; 362 NW2d 655 (1984). The defendants in *Reid* pled guilty, but reserved their right to appeal a denial of their motions to suppress evidence obtained pursuant to a search warrant. We held that a defendant may appeal from a denial of a Fourth Amendment or a Const 1963, art 1, § 11 search and seizure claim where "the defendant could not be prosecuted if his claim that a constitutional right against unreasonable search and seizure was violated is sustained and the defendant, the prosecutor, and the judge have agreed to the conditional plea." [*Reid*,] 420 Mich [at] 331-332.

*Reid* did not modify the essential holding of *Alvin Johnson*, but rather provided a procedure (conditional guilty plea) in which a defendant may admit to a criminal act but challenge the state's ability to present its case against him because of an alleged illegal search and seizure. See *Reid*, 420 Mich [at] 334-335.

Today, we hold that a defendant, after pleading guilty, may raise on appeal only those defenses and rights which would preclude the state from obtaining a valid conviction against the defendant. Such rights and defenses "reach beyond the factual determination of defendant's guilt and implicate the very *authority* of the state to bring a defendant to trial . . . ." *White*, 411 Mich [at] 398 (MOODY, J., concurring in part and dissenting in part). In such cases, the state has no legitimate interest in securing a conviction. On the other hand, where the defense or right asserted by defendant relates solely to the capacity of the state to prove defendant's factual guilt, it is subsumed by defendant's guilty plea.

The rationale for this holding was aptly summarized by Justice MOODY:

A literal interpretation of the language of *Menna* and *Blackledge* [*v Perry*, 417 US 21; 94 S Ct 2098; 40 L Ed 2d 628 (1974)] might allow a defendant to preserve a wide variety of defenses in spite of his guilty plea. However, the spirit of those cases, and respect for the state's interest in the finality of conviction and judicial economy as reflected in the guilty-plea procedure, undercuts the wisdom of such a construction. Further, the underlying rationale of the guilty plea in many cases is the notion of bargain and exchange. When a defendant pleads guilty he gives up a series of important rights, including the right to a jury trial, the right to confront accusers and present witnesses, and the right to remain silent. In exchange, he may be convicted of a lesser crime or receive a shorter sentence. Courts should be hesitant to allow a defendant to upset a bargain by which he knowingly and intelligently admitted his guilt.

In light of these functions of the guilty plea in the criminal justice system, the distinction implicit in *Menna* and *Blackledge* and that underlying the "complete defense" language of *Alvin Johnson* would insulate only a narrow class of rights against a waiver by plea. Only those rights and defenses which reach beyond the factual determination of defendant's guilt and implicate the very *authority* of the state to bring a defendant to trial are preserved. Examples include: the prohibition against double jeopardy, *Menna*; the right to challenge the constitutionality of the statute under which one is charged, *Journigan v Duffy*, 552 F2d 283 (CA 9, 1977); the challenge that a charge is brought under an inapplicable statute, *People v Beckner*, 92 Mich App 166; 285 NW2d 52 (1979). These defenses are "similar to the jurisdictional defenses," *Alvin Johnson*, [396 Mich at] 444, in that they involve

the right of the government to prosecute the defendant in the first place. Such rights may never be waived.

In contrast, those rights which are subsumed in a guilty plea relate to a different aspect of governmental conduct in the criminal process. When a defendant pleads guilty, he waives his right to a trial. Therefore, he necessarily gives up all the rights and challenges associated with that trial. Thus, important safeguards relating to the *capacity* of the state to prove defendant's factual guilt, and those regulating the prosecution's conduct at trial are among those defendant waives when he pleads guilty. These rights, which essentially relate to the gathering and presentation of evidence, are lost even if a successful challenge would provide a "complete defense" by in effect rendering the state unable to continue with the prosecution. [[*White*,] 411 Mich [at] 397-399.]

To summarize, the *New* Court held that "a criminal defendant may appeal from an unconditional guilty plea or a plea of nolo contendere only where the claim on appeal implicates the very authority of the state to bring the defendant to trial, that is, where the right of the government to prosecute the defendant is challenged," but "[w]here the claim sought to be appealed involves only the capacity of the state to prove defendant's factual guilt, it is waived by a plea of guilty or nolo contendere." *New*, 427 Mich at 495-496. "Another phrasing of this principle . . . is that 'jurisdictional' defenses are not waived by a plea of guilty." *People v Lannom*, 441 Mich 490, 493; 490 NW2d 396 (1992).[3]

We now turn to whether Section 8 implicates the very authority of the state to bring charges, or is instead a provision regarding the ability of the state to prove a defendant's factual guilt. In *People v Hartwick*, 498 Mich 192, 226-228; 870 NW2d 37 (2015), the Supreme Court explained the nature of the Section 8 defense:

Section 8(a) of the MMMA provides any patient or primary caregiver— regardless of registration with the state—with the ability to assert an affirmative defense to a marijuana-related offense. The affirmative defense "shall be presumed valid where the evidence shows":

---

[3] *New*'s construct is still controlling. See, e.g., *People v Horton*, 500 Mich 1034 (2017) (remanding a case to this Court to determine whether a "speedy-trial claim is 'nonjurisdictional' as defined by *People v New*, 427 Mich 482 (1986)"); *People v Aceval*, 282 Mich App 379, 385 n 3, 389 n 4; 764 NW2d 285 (2009) (citing *New* to determine whether certain claims were waived by the entry of a guilty plea); *People v Johnson*, 207 Mich App 263, 264-265; 523 NW2d 655 (1994) (citing *New* for the proposition that "[a] plea of guilty waives all defenses and rights that relate solely to the capacity of the state to prove the defendant's factual guilt" but "defenses and rights raised on appeal that would preclude the state from obtaining a valid conviction against the defendant, i.e., that implicate the very authority of the state to bring a defendant to trial, are not waived by a guilty plea").

(1) A physician has stated that, in the physician's professional opinion, after having completed a full assessment of the patient's medical history and current medical condition made in the course of a bona fide physician-patient relationship, the patient is likely to receive therapeutic or palliative benefit from the medical use of marihuana to treat or alleviate the patient's serious or debilitating medical condition or symptoms of the patient's serious or debilitating medical condition;

(2) The patient and the patient's primary caregiver, if any, were collectively in possession of a quantity of marihuana that was not more than was reasonably necessary to ensure the uninterrupted availability of marihuana for the purpose of treating or alleviating the patient's serious or debilitating medical condition or symptoms of the patient's serious or debilitating medical condition; and

(3) The patient and the patient's primary caregiver, if any, were engaged in the acquisition, possession, cultivation, manufacture, use, delivery, transfer, or transportation of marihuana or paraphernalia relating to the use of marihuana to treat or alleviate the patient's serious or debilitating medical condition or symptoms of the patient's serious or debilitating medical condition. [MCL 333.26428(a)(1) to (3).]

In [*People v* ]*Kolanek*, [491 Mich 382, 416; 817 NW2d 528 (2012),] we determined that if a defendant establishes these elements and no question of fact exists regarding these elements, then the defendant is entitled to dismissal of the criminal charges. We also clarified that if questions of fact exist, then "dismissal of the charges is not appropriate and the defense must be submitted to the jury." [*Id*.] Additionally, if a defendant has not presented prima facie evidence of each element of §8 by "present[ing] evidence from which a reasonable jury could conclude that the defendant satisfied the elements of the §8 affirmative defense, . . . then the circuit court must deny the motion to dismiss the charges," and "the defendant is not permitted to present the § 8 defense to the jury." [*Id*.] [Citation omitted.]

Although defendant did not (and cannot) raise it because she did not possess a valid registry card at the time of the act giving rise to her conviction, to provide additional context, the MMMA also provides immunity in certain cases under Section 4 of the act, MCL 333.26424. Pursuant to MCL 333.26424(a):

A qualifying patient who has been issued and possesses a registry identification card is not subject to arrest, prosecution, or penalty in any manner, or denied any right or privilege, including, but not limited to, civil penalty or disciplinary action by a business or occupational or professional licensing board or bureau, for the medical use of marihuana in accordance with this act, provided that the qualifying patient possesses an amount of marihuana that does not exceed

a combined total of 2.5 ounces of usable marihuana and usable marihuana equivalents, and, if the qualifying patient has not specified that a primary caregiver will be allowed under state law to cultivate marihuana for the qualifying patient, 12 marihuana plants kept in an enclosed, locked facility. Any incidental amount of seeds, stalks, and unusable roots shall also be allowed under state law and shall not be included in this amount. The privilege from arrest under this subsection applies only if the qualifying patient presents both his or her registry identification card and a valid driver license or government-issued identification card that bears a photographic image of the qualifying patient.

Section 4 provides qualifying patients who hold registry cards "broad immunity from criminal prosecution, civil penalties, and disciplinary actions[.]" *Kolanek*, 491 Mich at 394-395. In contrast, Section 8 "provides an affirmative defense to charges involving marijuana for its medical use[.]" *Id*. at 396. "Sections 4 and 8 provide separate and distinct protections and require different showings[.]" *Id*. at 401. Unlike immunity under Section 4, the affirmative defense provided by Section 8 "is available to unregistered patients." *Id*. at 402. "The stricter requirements of § 4 are intended to encourage patients to register with the state and comply with the act in order to avoid arrest and the initiation of charges and obtain protection for other rights and privileges. If registered patients choose not to abide by the stricter requirements of § 4, they will not be able to claim this broad immunity, but will be forced to assert the affirmative defense under § 8, just like unregistered patients." *Id*. at 403.

While Section 4 immunity is not at issue, the comparison of Section 4 and Section 8 of the MMMA helps draw a line between what is waived and what is not waived by an unconditional guilty plea. An unconditional guilty plea does not waive claims that "implicate[] the very authority of the state to bring the defendant to trial, that is, where the right of the government to prosecute the defendant is challenged." *New*, 427 Mich at 495. That is precisely what is accomplished by Section 4 of the MMMA, as it provides absolute immunity from prosecution to those individuals that can establish the required elements of the statute. In other words, if a defendant is entitled to immunity under Section 4 of the MMMA, the state simply cannot bring charges against the defendant "for the medical use of marihuana in accordance with" the MMMA. MCL 333.26424. Because Section 4 immunity "implicates the very authority of the state to bring the defendant to trial," it is not the type of defense that is waived by an unconditional guilty plea. *New*, 427 Mich at 495.

But the affirmative defense provided by Section 8 of the MMMA is a different creature; one that is "separate and distinct" from immunity under Section 4. *Kolanek*, 491 Mich at 401. It is an affirmative defense to charges that the prosecution *has* the right to bring against a defendant. And as the Supreme Court explained in *Hartwick*, 498 Mich at 227, and *Kolanek*, 491 Mich at 416, if a factual dispute is presented to the trial court at an evidentiary hearing regarding a Section 8 defense, the dispute must be resolved by the jury at the defendant's trial. Accordingly, while a prosecutor has no right to prosecute an individual entitled to immunity under Section 4 of the MMMA in the first instance, defendants raising a Section 8 defense must ultimately be able to prove their factual entitlement to that defense *at trial*. Thus, a Section 8 defense does not implicate the right of a prosecutor to bring a defendant to trial in the first instance, as the defense specifically contemplates the matter potentially proceeding to a trial, where the defense will be weighed by the jury. A guilty plea waives "all the rights and

challenges associated with that trial." *New,* 427 Mich at 492 (quotation marks and citation omitted). Thus, by tendering an unconditional guilty plea, defendant waived the Section 8 defense and cannot raise the denial of the defense on appeal.[4]

Affirmed.

/s/ Christopher M. Murray
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood

---

[4] As noted at the outset of this opinion, because we have concluded that defendant waived the right to appeal the denial of a Section 8 defense, we need not address the third issue set forth in the Supreme Court's remand order, which was conditioned on the outcome of the waiver issue.