*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

TIMOTHY GEORGE MULLER,

        Defendant-Appellant.

UNPUBLISHED
May 20, 2021

No. 351280
Barry Circuit Court
LC No. 2016-000922-FC

Before: MARKEY, P.J., and M. J. KELLY and SWARTZLE, JJ.

PER CURIAM.

Defendant, Timothy Muller, pleaded no contest to one count of delivery of a controlled substance causing death, MCL 750.317a. He was sentenced as a second-degree habitual offender, MCL 769.10, to 120 to 720 months' imprisonment. We granted Muller's delayed application for leave to appeal[1] and now affirm.

## I. BASIC FACTS

On May 14, 2016, Laurie Miller died of heroin intoxication. A police investigation revealed that shortly before her death, Muller had sold her the heroin that caused her fatal overdose. Pursuant to a plea agreement, Muller pleaded no contest to delivery of a controlled substance causing death. In exchange, the prosecution dismissed an additional charge and a fourth-offense habitual offender notice. Muller also reached a *Cobbs*[2] agreement with the trial court under which the trial court would not impose a minimum sentence in excess of 120 months. Subsequently, the trial court sentenced Muller in accordance with the *Cobbs* agreement.

---

[1] *People v Muller*, unpublished order of the Court of Appeals, entered January 21, 2020 (Docket No. 351280).

[2] *People v Cobbs*, 443 Mich 276, 283; 505 NW2d 208 (1993).

On May 16, 2018, Muller moved to withdraw his plea and vacate his conviction. He argued that venue was properly found in Kent County, not Barry County. In support, he noted that the record only indicated that Miller's death occurred in Barry County, but it did not state where the delivery of the heroin took place. Pointing to information in the presentence investigative report, he posited that the delivery occurred in Kent County. Relying on this Court's opinion in *People v McBurrows*, 322 Mich App 404; 913 NW2d 342 (2017), he contended that venue was proper only in the county where the delivery occurred, not in the county in which Miller died. He also argued that, to the extent that the issue of proper venue was waived by his no-contest plea, his lawyer provided constitutionally deficient assistance by failing to recognize that venue was not proper in Barry County.

In response, the prosecution argued Muller's plea had waived any objection to improper venue and his lawyer was not ineffective. Initially, the motion to withdraw was held in abeyance because our Supreme Court granted leave to appeal this Court's decision in *McBurrows*. See *People v McBurrows*, 501 Mich 1073 (2018). Thereafter, the Supreme Court affirmed this Court's opinion. *People v McBurrows*, 504 Mich 308; 934 NW2d 748 (2019). The prosecutor in this case then filed an amended response, arguing that *McBurrows* was distinguishable because the defendant in that case furnished heroin to an intermediary who then gave the drugs to the decedent. Noting that *McBurrows* held that the term "administered" in MCL 762.5 means "[t]o dispense, furnish, supply, or give . . . to the recipient," *McBurrows*, 504 Mich at 326, the prosecutor argued that Muller administered, i.e., dispensed, furnished, supplied, or gave, the heroin directly to Miller so venue was proper in Barry County.

Following oral argument, the trial court denied the motion, in part because it determined that the issue was waived by Muller's plea, and in part because it found that venue was proper in Barry County. This appeal by delayed leave granted follows.

## II. WAIVER

### A. STANDARD OF REVIEW

The trial court found that by pleading no contest Muller waived any objection to improper venue. Whether a defendant's no contest plea waives his or her right to challenge venue is a question of law that we review de novo. *People v Cook*, 323 Mich App 435, 442; 918 NW2d 536 (2018).

### B. ANALYSIS

Waiver is defined as "the intentional relinquishment or abandonment of a known right." *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000). Generally, an unconditional plea of guilty or no contest waives all nonjurisdictional defects in the proceedings. *People v Cook*, 323 Mich App 435, 442; 918 NW2d 536, 540 (2018). Therefore, after pleading no contest, a defendant "may raise on appeal only those defenses and rights which would preclude the state from obtaining a valid conviction against the defendant." *Id*. at 445. "On the other hand, where the defense or right asserted by defendant relates solely to the capacity of the state to prove defendant's factual guilt, it is subsumed by defendant's guilty plea." *Id*. Stated differently, a no contest plea waives a defendant's right to challenge the sufficiency of the evidence because that defense goes only to

the state's burden to show factual guilt and does not implicate the authority of the state to bring the defendant to trial. *People v New*, 427 Mich 482, 494; 398 NW2d 358 (1986). Venue does not relate to a state's authority to bring a defendant to trial. Rather, it is well-established that venue is a part of every criminal prosecution and must be proved by the prosecutor beyond a reasonable doubt. *People v Webbs*, 263 Mich App 531, 533; 689 NW2d 163 (2004). As a result, venue is a waivable issue, and, by pleading no contest, Muller waived his right to object to venue. Further, because Muller's waiver extinguished the error, there is nothing for this Court to review.[3]

Muller's defense to a finding that he waived any objection to venue is that his waiver was ineffective because his plea was not knowing and voluntary due to his lawyer's failure to advise him that venue was not proper in Barry County. Muller's challenge to the ineffectiveness of his trial lawyer is not properly before us because it was not raised in his application for leave to appeal. Our grant of leave was limited to the issues raised in the application. Consequently, neiterh Muller's challenge to the validity of his plea nor his claim of ineffective assistance is properly before this Court. See MCR 7.205(E)(4).

Regardless, the issues lack merit. In order to show that his lawyer provided ineffective assistance, Muller must show that his lawyer's performance was deficient and that but for the deficient performance there is a reasonable probability that the outcome of the proceedings would have been different. *People v Gioglio (On Remand)*, 296 Mich App 12, 22; 815 NW2d 589 (2012), remanded for resentencing 493 Mich 864 (quotation marks and citation omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *People v Randolph*, 502 Mich 1, 9; 917 NW2d 249 (2018) (quotation marks and citation omitted).

Here, Muller contends that because his lawyer did not advise him that venue was improper in Barry County, his no-contest plea was not knowing and voluntary. There is nothing on the record, however, to indicate that Muller's lawyer was aware that there was a potential challenge to venue. Indeed, Muller's venue argument is dependent upon our Supreme Court's decision in *McBurrows*, which was not decided until after Muller pleaded no contest in this case. A defense lawyer may not be deemed ineffective for failing to raise a novel issue. *People v Crews*, 299 Mich App 381, 400; 829 NW2d 898 (2013). Muller, therefore, has failed to establish that his lawyer's performance was constitutionally deficient. See *Gioglio*, 296 Mich App at 22. Nor has he shown that but for his lawyer's error the result of the proceedings would have been different. See *id*. Muller has not made an offer of proof indicating that he would have declined to plead no contest if his lawyer had advised him that venue might not be proper in Barry County.[4] Thus, there is

---

[3] We acknowledge that the prosecution is keen to challenge the limits of our Supreme Court's decision in *McBurrows*. However, we decline to do so in this case because any opinion would necessarily be obiter dictum.

[4] At the hearing on Muller's motion to withdraw his plea and in his brief on appeal, Muller's lawyer asserts that the fact that Muller is now attempting to withdraw his plea shows that if he had been advised that venue was improper in Barry County he would not have pleaded no contest to the charges in Barry County. Without an offer of proof, however, the lawyer's argument is nothing more than speculation, which is insufficient to support a claim that a lawyer's performance was constitutionally deficient.

-3-

nothing on the record for this Court to determine that Muller was prejudiced by his lawyer's allegedly deficient performance.

Affirmed.

/s/ Jane E. Markey
/s/ Michael J. Kelly
/s/ Brock A. Swartzle

-4-